IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                               Case No. 11-4090-JTM

BENJAMIN B. KIRTLAND and MARY JEAN
KIRTLAND,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Alter and Amend (Dkt. 57) and Motion for Stay (Dkt. 61) filed by defendant Mary Jean Kirtland. By prior Order (Dkt. 54), the court denied defendant's motion for summary judgment (Dkt. 39) and granted the plaintiff's motion for summary judgment (Dkt. 43), and correspondingly entered a judgement (Dkt. 56) against the defendant. In its Order, the court found that certain transfers made by Kirtland's former husband and co-defendant, Benjamin Bostwick Kirtland III, were avoidable fraudulent transfers. The transfers involved totaled $472,972.97 in value.

According to the government, the personal monetary judgment against Kirtland, which is now collectible, would be for $55,015.64 ($50,489.24 for the proceeds from the Northwestern Mutual account; $1,526.40 for the Reynolds American stock; and $3,000.00 for the value of the family vehicle she traded in).

Although Kirtland has filed a Notice of Appeal, this court retains jurisdiction to consider her previously-filed Motion to Alter or Amend. Fed. R.App. P. 4(a)(4)(B)(I). *See Constien v. United States*, 628 F.3d 1207, 1212 n. 5 (10th Cir. 2010) (noting that advisory committee notes to Rule 4(a)(4)(B) indicate that "the appellate court's jurisdiction ... is suspended until such motions are disposed of").

Relief under Rule 59(e) is accorded only in narrow circumstances. *See Brown v. Day*, 477 F.Supp.2d 1110, 1112 (D.Kan.2007) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir.2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir.1996), *cert. denied*, 520 U.S. 1181, 117 S.Ct. 1461, 137 L.Ed.2d 564 (1997). The Court has discretion whether to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997).

The defendant's Motion to Alter or Amend presents two arguments, neither of which supports the relief sought. First, she argues that the transfers were obligatory rather than voluntary. Second, she contends that the transfer of the money from the Northwestern Mutual account cannot be considered fraudulent, as she was operating as mere "courier" on behalf of her former husband.

Kirtland's argument relating to the supposed obligatory nature of the transfer under the Property Settlement Agreement is an argument previously made to, and rejected by, the court. The court explicitly found that the status of the transfers under Kansas law was not controlling as to whether the transfers were voidable under federal law (Dkt. 54, at 24), and this remains the appropriate conclusion of law.

Kirtland's second argument is not supported by the uncontroverted facts submitted to the court in connection with the summary judgment motions. Those facts established that the moneys from the Northwestern account were in Kirtland's possession and control after her husband relinquished the account in June of 2010. The funds were then transferred to Kirtland's checking account in November of 2010. She was during this time the full owner of the proceeds, with the ability to use the money for her own purposes, and judgment against the defendant was properly entered as to these funds.

In her second motion, Kirtland asks that the court waive the posting of a bond for equitable reasons, citing the extent of her financial resources, and asserting that such a waiver will not prejudice the United States. (Dkt. 61, at 2). The government argues against a stay, citing D.Kan.R. 62.2, which provides that ordinarily, a stay of execution pending appeal requires the posting of a supersedeas bond in "the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

"[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and that a full supersedeas bond should be the requirement in normal circumstances." *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). In

deciding whether to reduce the amount of an appeal bond, the court may consider factors which include

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that a requirement to post a bond would place other creditors of the defendant in an insecure position.

*Brinkman v. Dep't of Corrections*, 815 F. Supp. 407, 408-409 (D. Kan. 1993). The burden is on the party seeking a stay to objectively show that posting a full bond is impossible or impractical and "to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (D.Pa.1981)

The court will deny the request for a stay without the posting of any bond. Kirtland has failed to provide any evidence directed to the relevant factors noted in *Brinkman*. Kirtland liquidated assets, without authorization from the court, which were the subject of the competing summary judgment motions. Further, while Kirtland complains that she cannot access the TIAA-CREF account (which forms the overwhelming bulk of the judgment) because it is still in her former husband's name, the government has shown that an Order of Continuing Judgment has now been served on the account, commencing the process for its liquidation. In contrast, the blanket stay sought by the defendant would subject the government to the continuing risk of fluctuations in the value of that account as well as the remaining vehicles. The court finds that the defendant has not met her burden, and denies the motion for a stay.

IT IS ACCORDINGLY ORDERED this 15th day of January, 2013, that the defendant's Motions to Alter or Amend and to Stay (Dkt. 57 and 61) are hereby denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE